## W. H. ADAMS, APPELLANT, *v.* MULTNOMAH COUNTY, RESPONDENT.

MUNICIPAL OFFICER—COMPENSATION OF—LEGISLATURE MAY FIX.—The legislative assembly has power to fix the compensation for all services required to be performed by a municipal officer, either in the original charter, or by amendment thereto, and to declare the method by which and the source from which he shall be paid.

IDEM—STATUTE CONSTRUED.—Section 158 of the charter of the city of Portland, cannot be construed to authorize the police judge, or the city, to collect from the county in which the city is situated, the fees in those state cases, tried before the police judge, in which the defendants have been unable to pay, or in which payment could not be enforced by process, or in those cases in which the prosecution failed.

APPEAL from Multnomah County.

The appellant at the December Term, 1876, of the county court of Multnomah county, presented a claim for the sum $950.00 for fees as justice of the peace, between September 30, 1875, and December 1, 1876, in certain criminal cases wherein the state of Oregon was plaintiff and diverse persons were defendants. The services were rendered by appellant, as justice of the peace, he being such justice by virtue of his holding the office of police judge, of the city of Portland in said county. The claim was not allowed. The matter was taken before the circuit court by writ of review, and after a hearing upon said writ, the proceedings in the county court were confirmed. From the judgment of the circuit court this appeal is taken. There was no dispute as to the fact of the performance of the services, or the amount,

and it was admitted that plaintiff claimed the right to collect said fees, only as trustee for the city.

*John M. Gearin,* for appellant.

*Raleigh Stott, District Attorney, and C. A. Ball,* for respondent.

By the Court, McArthur, J.:

In this case the decision must turn upon the construction of the same section of the city charter of Portland that was under consideration in *Multnomah County* v. *Adams,* just decided. Among other things that section 158 declares that after a certain date "all costs, fees and expenses taxed against or received from any defendant in a criminal proceeding before the police judge, either for the violation of a city ordinance or a law of the state, shall, when received or collected, be paid by said judge to the city treasurer." We have already held that the legislative assembly had authority to invest the police judge with the jurisdiction of a justice of the peace within the city limits, and that that body has plenary power over the disposal of fines collected by him, and therefore had a perfect constitutional right to direct that such fines be paid into the city treasury rather than into the county treasury, and that they be used for city purposes rather than devoted to the schools or to the general fund of the county. It is also perfectly competent for the legislative assembly to fix the compensation for all services required to be performed by a municipal officer, either in the original charter or by amendment thereto and to declare the method by which and the sources from which he shall be paid. This is what that body has undertaken to do and what it has done in the case before us. By section 160 of the charter the salary of the police judge is fixed at eighteen hundred dollars per year, which sum it is declared "shall be a full and complete compensation for his services as police judge and as justice of the peace." This takes the matter entirely without the operation of the general laws in relation to the fees and compensation of justices of the peace so far as the police judge is concerned. He must

look to the city for his salary and cannot collect fees in state cases from the county. The main question is, whether under section 158 of the charter, as above quoted, the city of Portland may, through its police judge, recover from the county the fees and expenses in trials of state cases before said officer when the same are not lawfully chargeable against a defendant or when being lawfully chargeable such defendant is unable to pay them. To impose a liability of this character upon one public corporation in favor of another public corporation the law should be clear and unequivocal. The section under discussion, while it is very clear and unequivocal in prescribing and commanding the performance of a duty on the part of the police judge, cannot be held to warrant or authorize the recovery from the county. The only construction we are able to place upon it, consistent with the other conditions of the law as declared by us, is that the officer named must pay over to the city all the costs, expenses and fees which he may receive or collect from defendants in city or state cases. There his duty ends. He has no authority to proceed to collect from the county the fees, costs and expenses in state cases in which the same are not paid or in which collection cannot be enforced by process, for the reason that he cannot invoke the general laws in relation to justices of the peace upon this subject, he having no personal right to recover such fees, costs or expenses, and for the further reason that the section cited cannot by any tension of terms be held to impose a liability upon the county to pay the same to the city.

Upon the question whether the remedy against the action of the county court sitting as a board of county commissioners in case of the rejection of a demand against the county is by writ of review we have not thought proper to pass, and expressly leave that question undecided, for the reason that the result of our opinion upon the main question prevents a recovery either by action or by special proceeding.

Judgment affirmed.